### UNITED STATES v. VONSKI.

(District Court, E. D. Pennsylvania. March 29, 1927.)

No. 1884.

Intoxicating liquors ⬤⟑249—Search held not illegal, though premises entered through adjoining premises not used for liquor.

Where officers, acting under search warrant covering dwelling used in part as cigar store, went through cellar window of adjoining dwelling, and in a cellar which extended under the rear of both houses found a large amount of liquor and still parts, and where evidence warranted finding that only means of access to cellar was through adjoining premises, held, search was lawful as against claim that it was a search of a dwelling not used for sale or manufacture of liquor.

T. Tommy Vonski was convicted of violations of the National Prohibition Act, and he moves for a new trial. Motion denied.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

M. Russell Turk, of Chester, Pa., for defendant.

THOMPSON, District Judge. The indictment charged the defendant in three counts with the sale of whisky and beer, with the possession with intent to sell of 455 gallons of whisky, and with maintaining a common nuisance at premises 2601 and 2603 West Second street, Chester, Pa., where, it is charged, whisky and beer were sold, kept, and bartered in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). Prior to trial, a motion was made to quash a search warrant under which seizure had been made. The motion was not pressed until the case was called for trial by jury. The defendant's attorney at that time asked to be heard on the motion to quash. The motion was formally overruled, without prejudice to the right of the defendant to object to the introduction of evidence procured through the search warrant at the trial.

The testimony at the trial tended to show the following facts: The premises 2601 and 2603 West Second street were adjoining houses, not adjoining other buildings. The premises 2601 was occupied by the defendant and his family as a dwelling, and was used in part as a cigar store. The adjoining property, 2603, was occupied as a dwelling by another family. On November 11, 1926, at about 5 o'clock p. m., Prohibition Agents Henchel and Ward entered the cigar store of the defendant and purchased from him two drinks of beer and two drinks of whisky. The defendant, before serving the first drink of whisky, went into a back room and returned with the whisky. The agents then ordered another drink of whisky. The defendant left the store, and the agents then went around the building to see where he was getting his supply. They saw him crawl through a cellar window of premises 2603. Upon his return, they were supplied with whisky. A search warrant was sworn out, and on November 15 the agents returned and made a search of premises 2601, and found liquor and utensils for serving liquor on those premises. They then went through the cellar window of premises 2603, and found over 100 jugs of liquor and parts of a still in the cellar. This cellar extended under the rear of both houses. The defendant did not take the stand, but called witnesses who testified that on November 11 he was not present at 5 o'clock, but from 4 to 6 was visiting at a farm several miles away from his home.

The affidavit upon which the search warrant was based was sufficient to establish probable cause for the commissioner to issue the search warrant. The main objection to it is the contention that the cellar where a large quantity of liquor was stored was not used as part of the premises 2601, and the premises 2603 was used exclusively as a dwelling house, and hence was not subject to search, unless the sale or manufacture of liquor was conducted thereon. The question of the use of the cellar in connection with premises 2601 was left to the jury, with instructions that, if they found from the evidence that the cellar extended under both houses and was used by the defendant, the occupant of premises 2601, as part of the premises in which he conducted his cigar store, for the storage of liquor, then the search of the cellar, even though there was no direct communication between it and premises 2601, was lawful, and the evidence found under the search warrant might be considered by them in determining the guilt or innocence of the defendant. The jury returned a verdict of guilty upon all three counts of the indictment.

There was no evidence to contradict the testimony of the agents that the cellar searched extended across the rear end of both dwelling houses. Whether it did or did not, the jury might well find that the part of the cellar beneath premises 2603 was used as part of premises 2601, although, in order to obtain entrance to the cellar, the only means of access was through premises 2603. The search was lawful, therefore, based, as it was, upon a search warrant lawfully issued.

Being of the opinion that the evidence was lawfully obtained, the verdict must be sustained. The motion for a new trial is denied.